**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**


BOBBY M. LYNN,

Plaintiff,

v.                                             Case No.: 3:06cv217/RV/EMT

SECURITY INSURANCE COMPANY OF
HARTFORD f/k/a FIRE & CASUALTY
INSURANCE COMPANY OF CONNECTICUT,

Defendant.
_____/

### ORDER

Plaintiff Bobby M. Lynn brought this action against Security Insurance Company of Hartford ("Security"), alleging claims for negligence, bad faith, and breach of contract based on Security's failure to defend and denial of coverage to its insured, Ricky Davidson, for a claim arising out of an automobile accident. Security has filed a motion to dismiss Plaintiff's complaint (Doc. 5), and Plaintiff has since filed a motion to amend his complaint (Doc. 18).

**I.     DISCUSSION**

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given as justice so requires." The decision to grant or deny a motion to amend a pleading is committed to the sound discretion of the district court. Baez v. Banc One Leasing, 348 F.3d 972 (11th Cir. 2003). The court should

grant such motions in the absence of any apparent reason not do to so. <u>Shipner v. Eastern Air Lines</u>, 868 F.2d 401 (11th Cir. 1989). However, the court may properly deny a motion to amend where such amendment would be futile, that is, where the amended portions of the complaint would be subject to dismissal. <u>Hall v. United Insurance Company of America</u>, 367 F.3d 1255 (11th Cir. 2004).

This case arises out of an automobile accident between Bobby M. Lynn and Ricky and Tina Ann Davidson ("the Davidsons"). The Davidsons apparently contend that they were insured by Security at the time of the accident, but that Security denied coverage over their claim and refused to defend them in the resulting litigation. A default was entered against the Davidsons in the separate state court litigation, and Lynn and the Davidsons stipulated to the entry of a consent judgment against the Davidsons. Plaintiff contends that the Davidsons subsequently validly assigned any claim they might have had against Security to Lynn, though it is not at all clear that they have actually done so.[1]

Plaintiff's proposed Second Amended Complaint differs from its earlier filed complaints in several significant respects. First, the complaint seeks to substitute the personal representative of Lynn's estate, since he has died after the filing of the earlier complaint. Certainly, this is a proper amendment. Also, where the original complaint pled claims for negligence, breach of contract, and bad faith all in one count, the new complaint drops the negligence claim and properly separates Plaintiff's breach of contract and bad faith claims into different counts. However, Security still objects to the inclusion of a bad faith claim in the amended complaint, on the grounds that such a claim is premature.

Section 624.155 of the Florida Statutes provides a civil remedy against an insurer for "[n]ot attempting in good faith to settle claims when, under all the

---

[1] Plaintiff's pleadings including a copy of a "Stipulation and Assignment of Cause of Action and Hold Harmless Argreement." (Doc. 9, attach. 1, at 8-10) However, this stipulation says only that the parties "will" enter into an assignment of claims at a later date, and is, of itself, insufficient to constitute a valid assignment.

circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interest." Before a plaintiff can have a cause of action under Section 624.155, however, there must be a determination of coverage on the first-party insurance contract. Blanchard v. State Farm Mutual Automobile Insurance, 575 So.2d 1289 (Fla. 1991). Where a plaintiff brings a premature bad faith claim under Section 624.155, that claim should be dismissed or abated until such a determination has been made. Vest v. Travelers Insurance, 753 So.2d 1270 (Fla. 2000). In this case, no determination of coverage has been made. Thus, Plaintiff's bad faith claim is premature, and must be abated pending resolution of the underlying coverage question.

## II.   CONCLUSION

For the above reasons, Plaintiff's Motion to Amend (Doc. 18) is GRANTED. Count II of the Second Amended Complaint (Doc. 19) is hereby ABATED. Security's Motion to Dismiss (Doc. 5), is DENIED, as moot.

DONE AND ORDERED this 10th day of July, 2006.

*/s/ Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**